UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JIMMIE DEVAUGHN BURKES, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-104-PPS-AZ |
| GRANT COUNTY JAIL, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Jimmie Devaughn Burkes, a prisoner without counsel, filed a complaint under 42 U.S.C. § 1983. [DE 2]. As required by 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Burkes is proceeding without counsel, I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Burkes is currently incarcerated at Pendleton Correctional Facility. His complaint stems from events occurring when he was a pretrial detainee at the Grant County Jail. He claims that when he was arrested and taken to the jail on July 2, 2022, he had various items of personal property with him including jewelry, shoes, books, and letters. When

he was transferred to the Indiana Department of Correction in September 2023, he was told that he could not take the property with him. Jail staff were supposed to contact one of his family members to come pick up the property, but no one ever did. Instead, his property went missing. He further claims that during the time he was at the jail, the law library was inadequate. Among other problems, he claims the periodicals were not up to date, there was no notary, and he could not make copies of documents.

Burkes has an adequate state post-deprivation remedy available to seek compensation for his lost property. *See* IND. CODE § 34-13-3-8 *et seq.* Therefore, he cannot pursue a federal due process claim based on this loss. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *see also Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of personal property).

As for the problems with the law library, inmates have a right grounded in the First and Fourteenth Amendments to access legal materials, but this is not an "abstract, freestanding right." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, it hinges on whether there was prejudice to a non-frivolous legal claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). To state a claim, an inmate is required to "spell out" in at least minimal detail the connection between the defendant's conduct and the resulting prejudice to a potentially meritorious legal claim. *Id.* Burkes does not identify any prejudice he suffered as a result of the alleged inadequacies he describes. Therefore, he has not stated a plausible claim for relief.

There is an additional problem with his complaint. He sues the jail itself, but the jail is a building, not a person or policy-making body that can be sued for constitutional violations. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He also sues the "jail administration," but he does not identify any administrator (or administrators) by name or explain what they did that violated his rights. Liability under 42 U.S.C. § 1983 is based on personal involvement, and jail administrators cannot be held liable solely because of their positions.[1] *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Therefore, the complaint does not state a claim upon which relief can be granted. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, I will allow Burkes an opportunity to file an amended complaint, if he believes he can state a plausible constitutional claim consistent with the allegations he has already made under penalty of perjury.

For these reasons, the Court:

(1) **GRANTS** the plaintiff until **May 9, 2025**, to file an amended complaint; and

(2) **CAUTIONS** him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

---

[1] He may be trying to assert a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but he does not identify an official policy that caused him injury, nor does he allege facts permitting a reasonable inference that there is a widespread practice or custom of unlawful conduct at the jail. *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008).

**SO ORDERED**.

ENTERED: April 10, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT